IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WELLS FARGO BANK, N.A.**                                                                **PLAINTIFF**

**V.**                                                  **CIVIL ACTION NO. 3:11cv226-DPJ-FKB**

**WEST JACKSON STUDENT HOUSING, LLC**                        **DEFENDANT**

## ORDER APPOINTING RECEIVER

This matter has come before the Court on the Motion for Appointment of Receiver (the "Motion")[1] filed by plaintiff Wells Fargo Bank, N.A., a national banking association, successor by merger to Wachovia Bank, National Association, successor by merger to First Union National Bank, a national banking association ("Plaintiff"). The Court, having considered the Motion, the Complaint, affidavits and other evidence filed therewith, the arguments made by counsel and the evidence offered at the hearing on the Motion, finds that the appointment of a receiver is appropriate and the Motion is due to be granted as set forth herein;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Motion is **GRANTED** and that:

      A.    The Court finds that the appointment of a receiver for the assets of Defendant West Jackson Student Housing, LLC ("Borrower") is proper and for good cause shown. The receiver's specific duties are set forth below. However, the receiver's most important duty is to protect, preserve, and potentially enhance the value of the Complex.

      B.    Campus Advantage, Inc. (the "Receiver") is hereby appointed receiver of all of Borrower's assets, including the student housing complex and the land upon which the same sits (the "Complex," together with all books and records related to the Complex, accounts receivable reports, customer agreements and reports, rents, revenues and proceeds of the Complex, surety bonds, letters of credit, security deposits, tax deposits, performance deposits, escrow deposits, keys, books, records, bank accounts, checkbooks, ledgers, accounts payable and accounts receivable records, leases, reports, rent rolls, insurance policies and certificates, executory contracts, plans, specifications, drawings, surveys, technical manuals for all systems, together with operating procedures, passwords, security codes, warranties relating to the Complex,

---

[1] Unless otherwise defined, all capitalized terms herein shall have the meaning ascribed to them in the Motion.

records required to be kept under applicable safety and environmental laws, licenses, permits, proffers, entitlements, trademarks, service marks, trade names, intellectual property rights, claims, causes of action, choses in action (other than the Excluded Litigation as defined in paragraph D(xii) below) and in general all other instruments, documents, rights, properties or assets of any kind or character whatsoever (whether tangible or intangible and whether real, personal or mixed) forming a part of or related to the ownership, development, use, operation and management of the Complex, are hereinafter defined as the "Property");

      C.      Receiver is not an attorney for or related to any party to this action.

      D.      Receiver is authorized, subject to control of this Court and the laws regarding receivership, to do any and all acts necessary for the proper and lawful conduct of the receivership. Specifically, the following orders are entered:

> (i) **Appointment of Campus Advantage, Inc. as Receiver.** Campus Advantage, Inc. is hereby appointed as Receiver for the Property, as defined above, possessing the authority and subject to the requirements stated in this Order;
>
> (ii) **Receiver's Exclusive and Complete Control over the Property.** Receiver is authorized to take and have complete and exclusive control and possession of the Property, as defined above, together with any and all bank accounts, credit card receipts, demand deposits, reimbursement rights, bank deposits, security deposits and all other forms of accounts, accounts receivable, payment rights, cash and cash equivalents, along with any and all information necessary to operate the Property, including but not limited to all security codes, combinations, passwords and other access codes and all other collateral securing the indebtedness owed to Plaintiff;
>
> (iii) **Items to be Delivered to Receiver by Borrower.** Borrower and all persons acting under its direction are ordered to deliver unrestricted physical custody, control, and possession to Receiver, without any right of offset or recoupment, of the Property and all other collateral securing the indebtedness owed to Plaintiff, including but not limited to: (1) cash collateral (whether consisting of cash on hand, cash in any and all bank accounts or other accounts, all rights to security deposits, including, but not limited to, amounts that Borrower may have deposited with utility companies, all rights to unearned insurance premiums or claim proceeds, or pre-payments of any kind, and all other cash and cash equivalents); (2) all keys; (3) all loans and communications and correspondence files relating thereto; (4) security deposits, rent, prepaid rent, other sums relating to the use, enjoyment, possession, improvement or occupancy of all or any part of the Property and any accounts of any of the foregoing; (5) a current list of the occupants of the Property, including the complete tenant ledgers with respect to each occupant; (6) complete tenant files and tenant histories; (7) any and all accounts receivable and accounts payable reports; (8) any and all contracts in effect with respect to the Property and

all communications and correspondence pertinent thereto, including, but not limited to, all service contracts and warranty information and contracts with vendors who provide or have provided services at the Property; (9) any and all files relating to contracts, bids or other materials relating to any contractor work at the Property; (10) any and all payroll records, employee files, applications and other materials relevant to those persons employed at the Property; (11) any and all insurance policies covering the Property, and all communications and correspondence pertinent thereto; (12) any and all bank statements and records relating to any accounts associated with the Property; (13) any and all records relating to pending or current litigation (except for privileged records relating to the Excluded Litigation); and (14) any and all other records pertaining to the operation and management of the Property reasonably requested by Receiver during the course of the receivership;

(iv) **Information to be Delivered to Receiver by Borrower.** Within ten (10) days following the entry of this Order, Borrower shall deliver to Receiver (1) a list of all creditors of Borrower, including to the extent known the names, addresses, telephone numbers and e-mail addresses of such creditors, and the amounts due to each such creditor, and (2) a list and description of all claims and causes of action that Borrower have against any person in connection with the Property (other than claims and causes of action related to the Excluded Litigation), including to the extent known the names, addresses, telephone numbers and e-mail addresses of such persons, and the amounts due or alleged to be due from each such person.  Borrower shall supplement such lists promptly to the extent information becomes known regarding additional claims or debts of Borrower;

(v) **Borrower's Actions.** Borrower and any persons acting under Borrower's direction or in concert with Borrower will promptly deliver the Property to Receiver, and neither Borrower nor any persons acting under Borrower's direction or in concert with Borrower will (1) in any way disturb the possession of the Property or other property that is the subject of this Order; (2) dispose of, dissipate, mishandle or misappropriate any of the Property or other such property; (3) take any actions that would, directly or indirectly, have an adverse impact on the value of the Property; (4) cancel, reduce or modify any and all insurance coverage in existence with respect to the Property; and (5) collect any rents or other sums due to Borrower, all until further order of the Court;

(vi) **Receiver's Right to Prevent Waste of, and to Preserve and/or Enhance, the Property.** Subject to other provisions of this Order, effective immediately, Receiver is directed to take any and all actions Receiver deems commercially reasonable and appropriate to prevent waste to the Property, to preserve, secure, manage, maintain, and safeguard the Property and all other forms of property to which Receiver is entitled to

        take possession and control under this Order, and may, where appropriate in the exercise of its business judgment, take actions to enhance the value of the Property, subject to the approval of Plaintiff.  Receiver shall take reasonable actions to ensure that it complies with all laws applicable to the possession, use, occupancy, management, operation and maintenance of the Property as provided under any laws of the United States, the State of Mississippi, and otherwise.  Receiver shall provide Borrower with five (5) days notice of any actions it proposes to take to materially enhance the value of the Property;

(vii) **Receiver Vested with the Information Related to the Property.**
Receiver is vested with the books and records of Borrower with respect to operation of the Property and other property subject hereto, including any and all information related to: (1) rent rolls and leases affecting the Property, including, but not limited to, leases for current and former tenants and a detailed accounting of all security deposits for current and former tenants; (2) amounts paid by lessees and other obligors of Borrower; (3) amounts owed by lessees and other obligors of Borrower; (4) liens, encumbrances and other interests against or affecting the Property; (5) property taxes owed by Borrower and previously paid by Borrower; (6) all types of insurance affecting the Property, including but not limited to, any and all information regarding any pending or settled insurance claims; (7) plans, specifications, surveys and drawings of the Property, including, but not limited to, building and individual floor plans, elevator and/or escalator plans and mechanical system plans; (8) any and all maintenance logs and repair records for all systems in place at the Property; (9) access codes to any of the Property; (10) all operating, income, financial and monthly statements of Borrower and any management company retained by Borrower, including but not limited to, any and all general ledgers, balance sheets, check registers, budgets and monthly billings; (11) all current account numbers for all utility companies; (12) any and all current marketing materials and information, including, but not limited to, any prospect reports; (13) all information covering any pending or possible litigation (except for privileged information covering the Excluded Litigation); and (14) all other aspects of the Property.  Receiver shall continue to obtain an accounting of all funds and accounts that are located at the Bond Trustee in accordance with the Bond Indenture, and copies of such accounting shall be provided to Plaintiff and Borrower;

(viii) **Budget.**  On or before the fifteenth (15th) business day after entry of this Order by this Court, and on or before the same day of every year thereafter until the receivership created by this Order is terminated, Receiver shall furnish to Plaintiff and Borrower a detailed, projected, monthly operating budget for the fiscal year for Receiver and the Property (as may be amended from time to time, the "Budget"), which shall be subject to the written approval of Plaintiff.  Plaintiff shall advise Receiver

        in writing within ten (10) business days of receipt of the Budget, or any amendment thereof, whether Plaintiff approves or disapproves the Budget, or any amendment thereof.  Receiver, Plaintiff, and Borrower may petition the Court for a hearing to resolve any dispute concerning the Budget;

(ix) **<u>Receiver's Right to Manage, Maintain, and Operate the Property.</u>** Subject to the other provisions of this Order and the approved Budget, Receiver is authorized to (1) manage, operate, and lease the Property, (2) employ and pay such contractors, property managers, brokers, accountants, attorneys and other persons and professionals as Receiver may in his sound business judgment deem necessary or appropriate in the management, conduct, control, or custody of the affairs of Borrower and the Property; (3) make payments and disbursements in the ordinary course of business and to make such payments and disbursements as may be necessary and proper for the preservation, maintenance, security and enhancement of the Property.  Receiver shall perform under any contract or lease entered into prior to the date it assumes possession of the property which shall include the right to terminate said contract or lease in accordance with the terms of said agreements.  Receiver is further authorized and instructed to pay net income from the Property to Plaintiff, in reduction of the indebtedness owed to Plaintiff by Borrower.  Prior to taking any action previously authorized in this subparagraph, Receiver shall obtain any such approvals and/or consents that Borrower would be required to obtain under the Wells Fargo Documents and notify Borrower prior to taking any such action.  Subject to the prior written consent of the Court and Plaintiff, Receiver is authorized to execute subdivision and platting amendments, easements, and restrictive covenants regarding the Property;

(x) **<u>Receiver Authorized to Market and Sell the Property.</u>** Subject to the other provisions of this Order, the approved Budget, and the prior written consent of Plaintiff, Receiver is authorized to market the Property for sale and share information with prospective purchasers.  Nothing in this Order shall prevent Borrower from assisting Receiver in its efforts to market the Property, including efforts to identify prospective purchasers for the Property. Subject to the prior written consent of the Court and Plaintiff, Receiver is authorized to sell all or a portion of the Property and other collateral, and execute on Borrower's behalf any necessary documents in connection with such sale.  All liens, claims, interests, and encumbrances on any Property sold shall attach to any and all proceeds of such sale.  If Plaintiff is the purchaser of any Property at any sale of such Property, the purchase price shall be credited with the total amount due and owing by Borrower to Plaintiff under the Wells Fargo Documents, or such amount as is necessary to pay the purchase price in full, on the date of such sale.  Receiver shall keep Borrower reasonably apprised of its efforts to market the Property, and Receiver must notify Borrower in writing as and when

        Receiver seeks permission of the Court to sell all or a portion of the Property;

(xi)   **Receiver's Right to Collect Amounts Due.**  Receiver is authorized to receive and collect any and all sums due or owing to Borrower in any manner related to the Property, whether the same are now due or shall hereafter become due and owing, to deposit such sums into an account established and maintained by Receiver and to expend such sums on the operation and management of the Property in the ordinary course of its business.  All tenants, bailees or other persons in possession of the Property or any portion thereof are hereby directed to attorn to Receiver, and until further order of this Court (1) are hereby directed to pay over to Receiver or its duly designated agent all rents, revenues, proceeds or other sums payable with respect to the Property which are now due and unpaid or hereafter become due, and (2) are hereby enjoined and restrained from paying to Borrower or its agents, officers, directors, employees, or attorneys any such rents, revenues, proceeds or other sums;

(xii)   **Disputes and Legal Actions Related to the Property.**  Receiver is authorized to negotiate and compromise in lieu of Borrower any disputes related to the Property.  Receiver is further authorized, at its option, to institute, prosecute, defend, compromise, and/or intervene in or become party to such actions or proceedings in state or federal courts in lieu of Borrower, including but not limited to, the collection of rents and other amounts now or hereafter becoming due, the removal of tenants or other persons from the Property and/or the defense against any action brought against Receiver acting in such capacity, and to intervene in and pursue any existing causes of action to which Borrower is a party; provided, however, that Receiver must obtain the Court's approval prior to compromising any disputes, claims, or causes of action where the amount in controversy exceeds $50,000.00.  Notwithstanding the provisions of this subparagraph, Receiver is not authorized to control, negotiate, compromise, institute, prosecute, defend, intervene, or appear for Borrower in (1) any claims, causes of action, or proceedings, including the instant action, related to Borrower's liability under the Wells Fargo Documents, or (2) any claims, causes of action, or proceedings, including the instant action, Borrower now has or shall have in the future against Plaintiff and/or Campus Advantage, Inc. (collectively, the "Excluded Litigation");

(xiii)   **Insurance.**  Receiver is authorized to maintain appropriate property insurance for the Property, public liability insurance, worker's compensation insurance, fire and extended coverage insurance, burglary and theft insurance and other types of insurance normally obtained in connection with the operation and management of the Property; and is authorized to continue any current policies in place and to purchase further insurance as Receiver deems appropriate;

(xiv) **Payment of Property Taxes; Preparation and Filing of Tax Returns for the Property.**  Receiver is authorized, but not required, to (i) pay all current and past due real estate taxes, personal property taxes and any other taxes and assessments against the Property, and (ii) prepare and file tax returns with respect to the Property, and other property subject hereto, as may be required by law, provided, however, Receiver is not responsible for the preparation of tax returns for Borrower or any of its affiliates.  However, funds will be provided in the budget for preparation of Borrower's tax returns;

(xv) **Receiver's Right to Borrow Money.**  In the event that the revenues and proceeds of the Property shall at any time be insufficient to pay the normal, ordinary, and necessary operating expenses of the Property, including payment of Receiver's fees and expenses thereunder, Receiver is hereby authorized to borrow from Plaintiff, and Plaintiff is hereby authorized, but not required, to advance to Receiver, such funds and expenses as may be necessary to pay such costs and expenses on ordinary business terms as Plaintiff and Receiver may negotiate and agree (the "Receivership Loan").  The Receivership Loan shall constitute a demand obligation owing to Plaintiff, shall bear interest at the Prime Rate (as such term is defined in the Reimbursement Agreement) plus two percent (2%) per annum, and shall give rise to a fully perfected first priority priming lien upon the Property in favor of Plaintiff, such lien to be evidenced by the Deed of Trust without further action by Plaintiff.  Subject to subsection (xxiii) below, no personal recourse shall be had against Receiver with respect to the Receivership Loan, and Plaintiff shall look solely to the Property to satisfy the Receivership Loan.  Contemporaneous with the request of Receiver to borrower funds under this subparagraph, Receiver shall notify Borrower of such request and the reasons therefore;

(xvi) **Leases; Payment of Utilities; Maintenance of the Property; Compliance with Laws.**  Receiver is authorized to: (1) negotiate and enter into new leases, occupancy agreements, and contracts in the ordinary course of the business of the Property; (2) modify existing leases, occupancy agreements, and contracts in the ordinary course of the business of the Property; (3) pay all utilities, expenses, and other obligations secured by the Property or which may give rise to liens on the Property, and all other outstanding obligations to suppliers and service providers in the ordinary course of business, so long as Receiver has determined that it is prudent to do so in order to maintain business relationships that are beneficial to the conduct of the receivership; (4) make repairs necessary to the maintenance of the Property in order to preserve the Property in the ordinary course of business; and (5) comply with all requirements and regulations applicable to the Property; provided, however, that Receiver must obtain any such approvals and/or consents as may be required by the Wells Fargo Documents;

(xvii) **Application of Income from the Property.** Receiver is permitted to apply income from the Property as set forth elsewhere herein and in the following order of priority: (1) Receiver's fees and expenses authorized in this Order; (2) the current operating expenses of the receivership, including the maintenance and operation of the Property, in the ordinary course of business; (3) the obligations owed to Plaintiff under the Wells Fargo Documents; and (4) hold the rest (if any there be) for payment of unsecured, pre-receiver obligations;

(xviii) **Receiver's Cash on Hand.** Receiver is permitted to maintain sufficient cash on hand to enable Receiver to meet those expenses, the payment of which is authorized herein, in an amount to be agreed to between Receiver and Plaintiff;

(xix) **Accounting.** On or before the 20th day of each month, Receiver shall make an accounting of all revenues collected and all fees and expenses paid for the previous month and shall file said accounting with the Court and shall serve upon Plaintiff's counsel and Borrower a copy of said accounting. Receiver shall file a final report within forty-five (45) days after the termination of the receivership;

(xx) **Payment of Property Expenses.** Subject to the provisions of this Order the approved Budget, and the availability of funds in the receivership estate, Receiver shall pay the normal, ordinary, and necessary operating expenses of the Property, including without limitation, reasonable expenses required to put the Property in a rentable and/or saleable (make-ready) condition, from the rents and other revenues collected from the Property. To the extent the income from the Property is not sufficient for Receiver to pay the expenses of the receivership, including the maintenance and operation of the Property, Receiver's financial obligations under this Order are subject to funding of the Receivership Loan as set forth in subsection (xv) above. All fees and expenses of Receiver shall constitute a first lien and charge against the Property, with priority ahead of all other liens and security interests, including without limitation the liens and security interests of Plaintiff. Neither Receiver nor Plaintiff shall be liable for any expenses incurred with regard to the Property prior to Receiver taking possession of the Property, nor shall Receiver or Plaintiff be required to use any rents or additional funds advanced by Plaintiff or other revenues collected after Receiver takes possession of the Property in payment of such expenses. Notwithstanding the foregoing, Receiver is authorized, subject to the prior written consent of Plaintiff, which consent shall not be unreasonably withheld, to pay those expenses that were incurred in the normal and ordinary course of business of the Property that were incurred prior to Receiver taking possession of the Property, if, and only if, the payment of any such pre-existing expenses is necessary and critical to the ongoing operation of the Property (e.g., utilities). Receiver shall make a determination as to which

        expenses, if any, incurred prior to the Receiver's taking possession of the Property, were incurred in the normal and ordinary course of business and the payment of which is necessary and critical to the ongoing operation of the Property.  Otherwise, no pre-existing expenses shall be paid by Receiver without written approval by Plaintiff or further order of this Court;

  (xxi)  **Compliance with Laws.**  Receiver shall take reasonable actions to ensure that it complies with all laws applicable to the possession, use, occupancy, management, operation and maintenance of the Property as provided under any laws of the United States, the State of Mississippi, and otherwise;

  (xxii)  **Receiver's Liability.**  Except in the event of gross negligence, willful misconduct or actions in violation of orders of the Court, Receiver has no personal liability for any obligations incurred in the course of the receivership, any and all such liabilities being limited to the assets (including the cash and cash equivalents) received and generated by Receiver in the course of the receivership, subject to the existing lien of Plaintiff, and Borrower will hold Receiver harmless except in connection with any willful misconduct or gross negligence by Receiver; and

  (xxiii)  **Receiver's Authority.**  The authority granted to Receiver is self-executing.

E.    Notwithstanding anything to the contrary in this Order:

  (i)  Borrower shall have no obligation to turn over to Receiver any document or information that is subject to the attorney-client privilege or the work product doctrine; and

  (ii)  Receiver may not carry on business under the name of Borrower, but must in all respects reflect that it is operating as Receiver.

  (iii)  Borrower and/or its counsel shall have the right to request that the Receiver pay any legal fees and expense incurred in the representation of Borrower in connection with the subject matter of this suit.  Both Receiver and Plaintiff shall be provided with a copy of the request, including any itemization of fees (except that any time entries that would reveal matters protected by the attorney-client privilege may be properly redacted).

      Receiver shall notify Borrower and its counsel within ten (10) days if it intends to make such a payment and, if it does, shall make the payment within twenty-one (21) days of the request.  If Receiver gives notice that it does not intend to pay the requested amount, then within ten (10) days of receiving such notice, Borrower or its counsel may

>   petition the Court and request that payment be ordered.
>
>   Plaintiff reserves all rights to contend that any such fees or expenses are not reasonable or that the request is otherwise improper. Likewise, Plaintiff reserves all rights to contend that any such fees or expenses already paid in the past were not reasonable or were otherwise improper.

F.   Receiver's appointment is effective immediately upon entry of this Order, and Receiver shall be authorized, subject to control of this Court, to do any and all of the above acts necessary to the proper and lawful conduct of the receivership.

G.   To ensure the orderly operation of the receivership and maximize the value of the assets, Receiver's proposed fee arrangment as set forth in the Motion is approved, and Receiver shall be compensated as follows:

>   (i)   Receiver shall be paid a set monthly fee of $2,250.00, which fee is all-inclusive of Receiver's services as well as services provided by its in-house supporting staff, regardless of the extent of time that is required for receivership services. Receiver shall be reimbursed for all out-of-pocket expenses, including travel expenses, reasonably incurred in the discharge of his rights and duties as Receiver, and any reasonable attorneys' fees and expenses. Such fees and expenses shall be payable monthly, with contemporaneous notice of such payment being provided to Borrower, without the requirement of a further order of this Court, provided, however, that Receiver's fees and expenses shall be disclosed in the monthly accounting described below;
>
>   (ii)   On or before the 20th day of each month, Receiver and Receiver's retained professionals shall prepare statements of services rendered and time expended. Those statements shall be filed with the Court and served upon Plaintiff's counsel and Borrower;
>
>   (iii)   Unless a party files a written motion objecting to the payment of a monthly invoice within ten (10) calendar days of receipt of the invoice, Receiver is authorized to pay the invoice. In the event that a written objection to the payment of the claim is timely made with Receiver and the Court, the objection should be set for hearing by the objecting party as soon as possible; and
>
>   (iv)   Until an order is entered concerning any objection filed, Receiver shall be authorized to pay only eighty percent (80%) of the fees stated in the invoice at issue and shall hold back payment of twenty percent (20%) of the charge for fees stated in said invoice.

H.   Receiver will, within (30) days of qualification and appointment, file in this action an inventory of all property of which Receiver has taken possession. If Receiver subsequently comes into possession of additional property, Receiver will file a supplemental

inventory as soon as practical. Receiver will file monthly reports apprising the Court of the status of the Property and will serve the reports upon the parties in this litigation.

     I.     Receiver may, in its sole and absolute discretion, resign its office as Receiver by providing not less than thirty (30) days' written notice to Plaintiff and Borrower, and by filing such notice with this Court.

     J.     The Court shall review the status of the receivership one hundred twenty (120) days from the entry of this Order, at which time the Court will determine whether the receivership should continue or terminate. Thereafter, the Court shall review the status of the receivership every ninety (90) days until it determines that it is appropriate to terminate the receivership. Nothing in this Order shall prevent the Court, upon its own initiative or on motion of any party, from terminating the receivership prior to a scheduled review.

     K.     Absent prior approval of the Court, no creditor of Borrower, or other person or entity, shall seek, create, or perfect a lien or security interest in the Property, levy or execute on the Property, or seek possession of, control over, or access to the Property. Notwithstanding the foregoing, the provisions of this paragraph shall not affect the Plaintiff's interests in the Property by virtue of the Deed of Trust, or Plaintiff's right to enforce the terms of the Wells Fargo Documents against Borrower or the Collateral.

     L.     At any time, Plaintiff and Borrower are authorized to negotiate and execute a deed in lieu of foreclosure transaction. Notwithstanding Plaintiff's decision to accept a deed in lieu for the Property, Plaintiff shall also retain the right to foreclose on the Property.

     M.     The liability of Receiver and his professionals, agents, representatives, employees, affiliates, successors, and assigns, for any and all claims, liabilities, damages, fees, costs, expense, and charges incurred or arising from their respective acts or omissions in connection with Borrower, this Order, the receivership established pursuant to this Order, and/or the Property, shall exist only to the extent that this Court determines by a final and non-appealable judgment that such acts or omissions resulted solely from such person's bad faith or gross negligence. Except as conditioned above, any such claims, liabilities, damages, fees, costs, expense, and charges shall not be paid or borne by Receiver, but shall be paid as an expense of the receivership when and as incurred. This provision shall survive the termination or resignation of Receiver, and the termination or suspension of the receivership.

     N.     Borrower shall fully cooperate with Receiver in (i) adding Receiver, any management company retained by Receiver, and Plaintiff, if necessary, as additional insureds, and Plaintiff as the loss payee, on any insurance relating to the operation and management of the Property including, but not limited to, property damage, liability, fidelity, errors and omissions, and workers compensation and (ii) modifying any such policies if deemed appropriate by Receiver. Borrower and all persons acting under its direction are prohibited from canceling, reducing or modifying any and all insurance coverage in existence with respect to the Property.

     O.     No existing deed of trust on any of the Property in this receivership will in any manner be affected by this Order, and the beneficiaries and trustees of such deeds of trust may exercise all of their statutory and contractual rights in connection therewith without seeking

further order of this Court.  Any party's failure to oppose the appointment of Receiver, any party's consent to the appointment, or any party's procurement of the appointment will not constitute waiver of any lien, claim, or right.

  P. Any person or any agent of any person, with actual notice of this Order shall not interfere with any property in the control of Receiver or subject to this Order, nor interfere with Receiver in the carrying out of any duty under this Order.

  Q. All third parties (including but not limited to financial institutions) in possession of any Property subject to this Order are hereby ordered to turn over such assets to Receiver within five (5) business days of receipt of a copy of this Order.

  R. Any party shall be entitled to cause a copy of this Order to be recorded in the Office of the Judge of Probate of Hinds County, Mississippi, and in all such other filing offices within or without the State of Mississippi as Receiver and/or Plaintiff may deem necessary or advantageous.

  S. The Court shall retain jurisdiction and supervision of all matters concerning Receiver, the receivership created hereby, and the Property.  Any and all actions which affect Receiver or the Property shall be brought in this Court.  Receiver may seek instructions and additional authority from this Court upon written notice to Plaintiff and Borrower.  Any action that is due under this Order on a day that is a weekend or a legal holiday shall not be due until the next business day.

  T. This receivership will continue in effect until further order of this Court.

  U. The Court will monitor the receivership consistent with the terms of this Order, but this civil action is otherwise stayed during the course of the receivership or until lifted by further order of this Court.

  V. The Court reserves its ruling on the posting of a bond pending review of the parties' memoranda on the issue.

  **SO ORDERED AND ADJUDGED** this the 8th day of July, 2011.

         s/ *Daniel P. Jordan III*

         UNITED STATES DISTRICT JUDGE